IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| WILLIAM A. THOMPSON, # 145029, ) | Civil Action No. 3:04-22109-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JON OZMINT, DIRECTOR, S.C. DEPT. OF ) | |
| CORR; AND DENNIS PATTERSON, ) | |
| RECORDS, SC DEPT. OF CORR., ) | |
| ) **REPORT AND RECOMMENDATION** | |
| Defendants. ) | |
| ) | |

    Plaintiff filed this action, pro se, in the Court of Common Pleas, Richland County, South Carolina on July 26, 2004. Defendants removed this action to this court on September 2, 2004.[1] Defendants are Jon Ozmint, Director of the South Carolina Department of Corrections ("SCDC"), and Dennis Patterson ("Patterson"), an SCDC employee who oversees the inmate records office. A motion for summary judgment was filed by Defendants on January 13, 2005. Plaintiff, because he is proceeding pro se, was advised on January 20, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment could result in the dismissal of his complaint. Plaintiff filed a memorandum in opposition to summary judgment on January 31, 2005.

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

DISCUSSION

Plaintiff, who is serving a life sentence for kidnapping, alleges that his Fifth and Fourteenth Amendment rights were violated because he was labeled a sex offender without due process and his picture and name were placed on a website with false information that he was a sex offender. He alleges that his Eighth Amendment rights were violated because he was subjected to ridicule and emotional distress by these actions.[2] Additionally, Plaintiff alleges claims under South Carolina law.[3]

Defendants argue that they are entitled to summary judgment because: (1) Defendants are entitled to Eleventh Amendment immunity; (2) Defendants did not violate Plaintiff's due process rights by labeling him as a sex offender according to the requirements of the South Carolina Sex Offender Registry Law; (3) Defendants did not violate Plaintiff's Eighth Amendment rights; (4) Defendants are entitled to qualified immunity; (5) Defendants cannot be held liable on a theory of respondeat superior;[4] (6) Plaintiff failed to exhaust his administrative remedies; (7) Plaintiff's

---

[2]Plaintiff, in his memorandum in opposition to summary judgment, argues that the labeling of him as a sex offender violated his rights under the Ex Post Facto clause. Plaintiff failed to raise this claim in his complaint and thus it is not properly before the court.

[3]On September 20, 2004, Plaintiff filed a pleading titled "RESPONSE TO NOTICE OF REMOVAL." It is unclear, but he may be attempting to have this action remanded to state court. A party may remove an action from state court to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) and (b). This court exercises original jurisdiction over cases presenting questions of federal law. See 28 U.S.C. § 1331. In determining the existence of federal question jurisdiction, courts must look at what is "presented on the face of a plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Looking at the face of the complaint, Plaintiff alleges federal claims, as he claims that his Fifth, Eighth, and Fourteenth Amendment rights have been violated.

[4]The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or
(continued…)

claims are moot as he has been removed from the Sex Offender Registry; (8) Plaintiff's claims are barred by the applicable statute of limitations under the South Carolina Tort Claims Act; (9) Plaintiff cannot demonstrate any gross negligence on the part of Defendants; (10) Plaintiff's tort claims are barred by the South Carolina Tort Claims Act; and (11) Plaintiff cannot establish a claim for defamation.

1. Injunctive and Declaratory Relief

Defendants argue that Plaintiff's claims are moot or alternatively that his request for injunctive relief is moot because he has been removed from the Sex Offender Registry (the "Registry"). Plaintiff appears to concede that his injunctive claims are moot, but argues that he can still recover monetary damages. See Plaintiff's Opposition Memorandum at 9. Plaintiff's claims for injunctive relief are now moot, as references to him as a sex offender have been removed (see Patterson Aff.). See Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991); and Ross v. Reed, 719 F.2d 689 (4th Cir. 1983).

2. Due Process

Plaintiff alleges that his due process rights were violated because he was labeled as a sex offender without due process and his picture and name were placed on a website with false information that he was a sex offender. Defendants argue that Plaintiff's due process rights were

---

[4](…continued)
custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

not violated because state law required that he be placed on the Register at certain times; any error as to his status was corrected; Plaintiff has not alleged any specific acts by Defendants that would constitute a constitutional violation; Plaintiff has not challenged the substantive law as being defective, only the procedural aspects of its application; Plaintiff fails to show a protected property or liberty interest implicated by the alleged actions; and to the extent Plaintiff alleges he was deprived a protected property or liberty interest, he was provided with a suitable post-deprivation remedy.[5]

The South Carolina Sex Offender Registry Act (the "Act") was enacted in 1994 and placed under the direction of the South Carolina State Law Enforcement Division ("SLED"). S.C. Code Ann. § 23-3-410. The statute also authorizes SLED to create regulations to implement the Act. S.C. Code Ann. § 23-3-420. The Act requires that persons who have been convicted of, adjudicated delinquent for, or pled guilty or nolo contendere to certain crimes register with the state of South Carolina as sex offenders. S.C. Code Ann. § 23-3-430.[6]

In 1994, the Act provided that kidnapping was a registrable offense. S.C. Code Ann. § 23-3-430 (West Supp. 1994). The Act was modified in 1996, and kidnapping was deleted from the registrable offense list. S.C. Code Ann. § 23-3-430 (West Supp. 1996). In 1998, the Act was modified again, and kidnapping was again included as a registrable offense. A person convicted of kidnapping had to register "except when the court [made] a finding on the record that the

---

[5] See Hudson v. Palmer, 468 U.S. 517, 533 (1984); and Zinermon v. Burch, 494 U.S. 113, 131-132 (1990).

[6] All references to the South Carolina Code are to the 2004 Supplement unless otherwise indicated.

offense did not include a criminal sexual offense." S.C. Code Ann. § 23-3-430 (West Supp. 1998).

When the Act was enacted in 1994, Plaintiff met the state statutory designation of a sex offender based on his kidnapping conviction. See S.C. Code Ann. § 23-3-430 (West Supp. 1994); Patterson Aff. Patterson states that after the 1996 amendment, Plaintiff was removed from the Registry. Patterson Aff. Although Plaintiff was listed on a February 1998 Parole Hearing List as a sex offender, this information was corrected after Plaintiff filed a grievance.[7] Mary Coleman Aff., Inmate Grievance Form Step 1. Plaintiff was again placed on the Registry when kidnapping was re-inserted into the statute in June 1998. Patterson Aff. Contrary to Plaintiff's argument, there was no finding in his Commitment and Sentence documents that his kidnapping offense did not include a criminal sexual offense. Patterson Aff., Attachments to Aff. (Plaintiff's Commitment and Sentence documents). Plaintiff was removed from the Registry after SCDC received a letter from Judge Lee Alford, Chief Administrative Judge for South Carolina's Sixteenth Judicial

---

[7]To the extent that Plaintiff is attempting to assert a claim concerning the parole list, the claim is barred by the statute of limitations. Plaintiff appears to concede this, only arguing that the statute of limitations does not preclude his claims concerning his later placement on a website list in which he was designated a sex offender. See Plaintiff's Opposition Memorandum at 9-10.

State law concerning limitation of actions applies in claims brought under § 1983. See Wilson v. Garcia, 471 U.S. 261, 266 (1985); see also Burnett v. Grattan, 468 U.S. 42 (1984); and Owens v. Okure, 488 U.S. 235 (1989). In South Carolina, the statute of limitations is generally three years for claims arising after April 5, 1988. S.C. Code Ann. § 15-3-530. This action was not filed until over three years after the alleged incidents concerning the parole list. The South Carolina Tort Claims Act establishes a two-year statute of limitations for tort actions. S.C. Code Ann. § 15-78-110. Plaintiff claims he became aware he was listed as a sex offender on February 18, 1998, when a parole list was posted in the institution. Even assuming that he had an additional year to file his action if he filed a verified complaint (see S.C. Code Ann § 15-78-80 and 110), or that the statute of limitations was tolled during the pendency of his administrative proceedings (the Order from the Administrative Law Judge Division concerning Plaintiff's appeal of his grievance is dated June 3, 2002), Plaintiff failed to timely file this action as to his parole list claim.

Circuit, stating that Plaintiff should not have to register as a sex offender. Patterson Aff.; Letter from Judge Lee Alford dated June 15, 2004; Plaintiff's Correspondence. Patterson states that Plaintiff is no longer included on the Registry. Patterson Aff.

Plaintiff's procedural due process claims fails because his name was placed on the Registry[8] or internet pursuant to the terms of the Act, as discussed above. See Connecticut Dep't of Public Safety v. Doe, 538 U.S. 1, 7 (2003)(even assuming that the respondent was deprived of a liberty interest, due process did not entitle him to a hearing to establish a fact that was not material under the Connecticut's sex offender statute because the law's requirements turned on an offender's conviction alone); see also Ballard v. Chief of Federal Bureau of Investigation, 2004 WL 190425 (W.D.Va. 2004). Plaintiff also fails to show that his substantive due process rights were violated. An inmate does not have a liberty interest in preventing the publication of his criminal record. Paul v. Davis, 424 U.S. 693, 713 (1976)( Even if Plaintiff had a protected liberty interest, the criminal proceedings and the "categorical abrogation of that liberty interest by a validly enacted statute suffices to provide all the process that is 'due'"); Connecticut Dep't of Public Safety, 538 U.S. at 8 (J. Scalia concurring).

Additionally, Plaintiff has not received any additional benefits or had any benefits taken away because he was registered as a sex offender. Inmates are not required to submit to any treatment program based on sex offender status and they are not disciplined or deprived of any good-time credits because of the status. See S.C. Code Ann. §§ 23-3-400, et seq.

---

[8]Plaintiff's appears to allege that he was incorrectly designated as a sex offender on an SCDC website and parole, not that he was actually placed on SLED's Registry. His allegations concerning the SCDC website and parole list appear to be state law claims for defamation and/or gross negligence, rather than constitutional claims.

3.  Eighth Amendment

Plaintiff alleges that his Eighth Amendment rights were violated because he was subjected to ridicule and emotional distress. Defendants argue that Plaintiff fails to show that his Eighth Amendment rights were violated because he fails to show any physical injury by being listed on a sex offender registry.

There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. See Grandstaff v. City of Borger , 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.[9]

42 U.S.C. § 1997e(e).

4.  Immunity

Defendants argue that they are entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment

---

[9] The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); see also Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997)(exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA), aff'd, 133 F.3d 459 (7th Cir. 1997).

of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

<u>Id.</u> at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity. <u>Id.</u> at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities. Therefore, Defendants are entitled to Eleventh Amendment immunity from monetary damages in their official capacities.

Defendants also argue that they are entitled to qualified immunity in their individual capacities. The Supreme Court in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not

violate clearly established statutory or constitutional rights8 of which a reasonable person would have known.

Id. at 818.

The Court of Appeals for the Fourth Circuit, discussing qualified immunity, stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995).  As discussed above, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights.  Therefore, Defendants are entitled to qualified immunity in their individual capacities.

    5.    State Claims

Plaintiff's remaining claims are based on state law.  It is recommended that discretion be exercised pursuant to 28 U.S.C. § 1367(c)(3) and that these remaining state law claims be remanded to the State court.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988); and Hinson v. Norwest Fin. SC, Inc., 239 F.3d 611 (4th Cir. 2001).

## CONCLUSION

Based on a review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 19) be granted.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

June 16, 2005
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
