IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| William Thompson, #145029, | ) | C/A No.  3:04-22109-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER GRANTING DEFENDANTS'** |
| | ) | **MOTION FOR SUMMARY JUDGMENT** |
| Jon Ozmint, Director, SC Department of | ) | |
| Corrections; Dennis Patterson, Records, SC | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("the report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(D.S.C.).

> The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendations to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The plaintiff is an inmate incarcerated by the South Carolina Department of Corrections ("SCDC"). In this action, he names as defendants Jon Ozmint, the Director of the SCDC, and Dennis Patterson, an SCDC employee who oversees inmate records. Thompson filed this action in state court, and the defendants thereafter removed it to this court.

Thompson is serving a life sentence following his conviction for kidnapping. He contends that his Fifth and Fourteenth Amendment rights were violated because he was labeled a sex offender without due process, and because his picture and name were placed on a website with false information indicating that he was a sex offender. He also contends that his Eighth Amendment rights were violated because he was subjected to ridicule and emotional distress by these actions. In addition to these federal claims, plaintiff asserts several claims arising under South Carolina state law.

Before the Magistrate Judge, the defendants moved for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of his right and obligation to respond to the motion. He filed a memorandum and affidavit in opposition.

The Magistrate Judge has filed a detailed and comprehensive Report and Recommendation suggesting that the defendants' motion for summary judgment should be granted for a variety of independent reasons. Within the time prescribed by the Local Rules for this District, the plaintiff filed objections to the Report and Recommendation. The court has carefully considered all of the objections, conducted the required *de novo* review, and has

determined that the Magistrate Judge's recommended disposition should not be disturbed. For this reason, the court will grant the defendants' motion.

In order to put the claims in proper context, it is necessary for the court to recite in detail the somewhat confusing patchwork of state laws regarding sex offenders that have been put on the books while Thompson has been incarcerated. The South Carolina Sex Offender Registry Act (the "Act") was enacted in 1994 and placed under the direction of the chief of the South Carolina State Law Enforcement Division. S.C. Code Ann. § 23-3-410. The Act requires that persons who have been convicted of certain crimes register with the State of South Carolina as sex offenders. S.C. Code Ann. § 23-3-430. When the Act was first passed in 1994, it provided that kidnapping was a registerable offense. *Id.* In 1996, the Act was modified, and kidnapping was deleted from the registerable offense list. S.C. Code Ann. § 23-3-430 (West Supp. 1996). Then, in 1998, the Act was modified again and kidnapping was once again included as a registerable offense. A proviso to the kidnapping designation provided that no registration was required when "the court [made] a finding on the record that the offense did not include a criminal sexual offense." S.C. Code Ann. § 23-3-430(c)(15).

Thompson was incarcerated while all of these statutory changes were made. When the Act was first passed in 1994, he met the statutory definition of a sex offender based on

his kidnapping conviction. After the 1996 amendment, he was removed from the registry.[1] Plaintiff was placed back on the registry when kidnapping was re-inserted into the statute in June 1998. At that time, there had been no finding by the court that his kidnapping offense did not include a criminal sexual offense. Ultimately, plaintiff was removed from the registry after the SCDC received a letter from Judge Lee Alford, a state trial judge, stating that plaintiff should not have to register as a sex offender. Defendants assert, and plaintiff does not dispute, that plaintiff is no longer included on the registry.

Before delving into the issues presented by the plaintiff's objections, it should be noted that the United States Supreme Court has spoken clearly in this area. In *Connecticut Dep't Public Safety v. Doe*, 538 U.S. 1 (2003), the court held that the due process clause does not entitle inmates to a hearing to determine whether they are currently dangerous to determine their inclusion on a sex registry because the issue of dangerousness was not material under the state registration law. In other words, because the law's requirements for

---

[1] Apart from the official sex offender registry, Thompson's name was apparently inadvertently included on two additional lists. A February 19, 1998 parole hearing list suggested Thompson was a sex offender. Thompson filed a grievance and this reference was removed. The Magistrate Judge suggests that to the extent plaintiff is attempting assert a claim concerning the parole list, the claim for damages is barred by the statute of limitations. Plaintiff alleges that he was also apparently inadvertently included on some type of internet website designating him as a sex offender. It is not clear from the record whether this in fact occurred, but assuming it did, the Magistrate Judge suggests that this claim involves a state law claim for defamation rather than a constitutional claim. Although Thompson objected to most of the Report and Recommendation (and even included objections to some things the Magistrate did not decide adversely to him), he has failed to object to the Magistrate Judge's Report regarding the parole list and the internet website. Accordingly, the court will accept the Magistrate Judge's Report and Recommendation as to these two items without objection.

registering turned on the offender's conviction alone, a fact that the offender already had a procedurally-safeguarded opportunity to contest, and no other fact was relevant to the disclosure of the offender's information, there was no need for a hearing regarding placement on the registry. The South Carolina registration regime is similar to Connecticut's: the mere fact of conviction alone justifies inclusion on the registry.

With this background, the court turns to the Report and Recommendation and the plaintiff's objections.

### THE EX POST FACTO CLAIM

In footnote two in the introductory paragraphs of the Report and Recommendation, the Magistrate Judge suggests that in his memorandum opposing summary judgment, plaintiff attempts to raise, for the first time, an Ex Post Facto challenge. The Magistrate Judge suggests in this footnote that because such a claim was not raised in the complaint, it is not properly before the court.

Thompson objects to this portion of the Report and Recommendation, pointing out that Rule 15(b) of the Federal Rules of Civil Procedure provides for amendment of pleadings to conform to the evidence. This rule, however, has no application to the issue at hand. Rule 15(b) deals with amendments to conform to the evidence "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties...." The court agrees with the Magistrate Judge that the Ex Post Facto claim was not properly pled and is not properly before this court.

## REMOVAL JURISDICTION

Again in the introductory section of the Report and Recommendation, the Magistrate Judge notes in a footnote that the plaintiff appears to want his case remanded to state court. The Magistrate Judge suggests that because the complaint clearly raises federal constitutional issues, jurisdiction is proper in this court.

Plaintiff objects to this footnote as well, citing the diversity jurisdiction statute, 28 U.S.C. § 1332, as his basis for suggesting that there is no jurisdiction here. While the plaintiff is correct that there is no jurisdiction based on diversity of citizenship, there is plainly federal question jurisdiction under 28 U.S.C. § 1331, given the fact that the plaintiff relies upon three Amendments to the United States Constitution as the bases for his claims.

## INJUNCTIVE RELIEF

Plaintiff's initial complaint sought injunctive relief as well as damages. The Magistrate Judge observes that the plaintiff has apparently abandoned his claim for injunctive relief, inasmuch as any such claim would clearly be moot. Plaintiff's objection memorandum does not address this aspect of the Magistrate Judge's Report and Recommendation, and the court therefore concludes that any claims for injunctive relief have now been abandoned. Thus, the only claims remaining are for damages.

## DUE PROCESS ISSUES

As noted previously, *Connecticut v. Doe* puts to rest any due process claims plaintiff might have as to his inclusion, removal, and re-inclusion on the sex offender list. Thompson's objection memorandum appears to make some generic objection to this

6

conclusion, but this court is of the opinion that the Magistrate Judge correct applied *Connecticut v. Doe*. There was no due process violation when the defendants in this case followed state law when they inserted, removed, and re-inserted plaintiff's name on the registry.

EIGHTH AMENDMENT CLAIMS

The Magistrate Judge suggests that any Eighth Amendment claim must fail in this case because the plaintiff claims only mental and emotional distress. The plaintiff has not alleged, nor has he sought to prove, any physical injury resulting from having been listed on the sex offender registry. There is no federal constitutional right to be free from emotional distress, physiological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. *See, e.g., Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *cert. denied,* 480 U.S. 916 (1987). *See also* 42 U.S.C. § 1997e(e) (the Prison Litigation Reform Act of 1995).

IMMUNITY

The Magistrate Judge also points out that because the defendants are sued in their official capacities, a judgment awarding plaintiff damages would be barred by the Eleventh Amendment to the United States Constitution. Although declaratory and/or injunctive relief may be granted, claims of that nature have previously been dismissed as moot.

In objecting to this portion of the Report and Recommendation, the plaintiff refers to the immunity section of the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-60. That state law pertains to immunity of governmental entities with regard to state law claims brought under the South Carolina Tort Claims Act. It has no application whatsoever to the

7

Eleventh Amendment to the United States Constitution. This objection is therefore overruled.[2]

REMAINING STATE LAW CLAIMS

The Magistrate Judge suggests that once all the federal claims are dismissed from this action, the court should remand the case to state court.

MISCELLANEOUS ISSUES RAISED BY PLAINTIFF

Included in plaintiff's memorandum in opposition to the summary judgment motion is a discussion of issues that were raised by the defendants in their motion for summary judgment, but not addressed by the Magistrate Judge. For this reason, it is not necessary for the court to rule on matters such as to whether the plaintiff has exhausted administrative remedies, whether the plaintiff can show gross negligence, and whether the theory of *respondeat superior* should apply to this case.

Having considered and rejected all of the plaintiff's objections to the Report and Recommendation, the court agrees with the Magistrate Judge that summary judgment should be awarded to the defendants on the federal claims and that the state law claims remaining in the case should be remanded to state court. Accordingly, all objections are overruled; the Report and Recommendation is incorporated herein by reference; the motion by the defendants for summary judgment as to all federal claims is hereby granted; and the

---

[2] The Magistrate Judge suggests, as an alternative, that the defendants are entitled to qualified immunity on the claims asserted here, because the plaintiff has failed to show defendants violated any of his clearly established constitutional or statutory rights. Inasmuch as the court has determined that Eleventh Amendment immunity applies, and has determined further that no constitutional rights were violated, it is not necessary for the court to address the qualified immunity issue.

remainder of this case, consisting of state law claims only, is hereby remanded to the Court of Common Pleas for Richland County, South Carolina.

    IT IS SO ORDERED.

|  |  |
|---|---|
| August 22, 2005<br>Columbia, South Carolina | /s/  Joseph F. Anderson, Jr.<br>United States District Judge |